UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                    Plaintiff,<br><br>       v.<br><br>CONNIE MANN, DEAN MANN, and all occupants of premises located at 5283 North Estate Road, Sprague, WA 99032,<br><br>                    Defendants. | NO: 2:14-CV-0189-TOR<br><br>ORDER OF REMAND |

BEFORE THE COURT is Plaintiff's Motion to Remand to Superior Court (ECF No. 3). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

///

///

ORDER REMANDING CASE TO STATE COURT ~ 1

## BACKGROUND

This case involves an unlawful detainer action originally filed in Lincoln County, Washington, Superior Court.

## FACTS[1]

Defendants, including Connie and Dean Mann, are residents of 5283 North Estate Road, Sprague, WA 99032. On February 15, 2013, Central Mortgage Company acquired title to the real property situated at that address at a sheriff's sale conducted pursuant to RCW 61.24.010, *et seq*. The property was subsequently deeded to Federal National Mortgage Association by an assignment of certificate of sale recorded May 9, 2014. On May 27, 2014, Federal National Mortgage Association sued Defendants in Washington State Superior Court in Lincoln County, stating that more than 20 days passed since the trustee's sale and that Defendants failed to vacate or surrender the premises. Plaintiff asked that the Court award fair restitution of the premises and an order issuing a writ of restitution, and for the fair rental value of the property.

///

///

---

[1] Facts are derived from the complaint and motions, and are considered only for purposes of the motion now before the Court.

ORDER REMANDING CASE TO STATE COURT ~ 2

DISCUSSION

Title 28 United States Code Section 1441 governs removal of cases from state court to federal court. Generally, a defendant may remove a case to federal court if the federal court would have subject-matter jurisdiction over one or more of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity of citizenship). *See* 28 U.S.C. § 1441(a), (b). Once a case has been properly removed, a federal court must generally entertain all claims over which it has original subject-matter jurisdiction. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996) (noting that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress" in removal proceedings). "Since a defendant may remove a case only if the claim could have been brought in federal court…the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id*. There is a "strong presumption" against removal, and federal jurisdiction must be rejected if there are doubts about the right of removal. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiff contends that this Court lacks subject matter jurisdiction based on both federal question and diversity jurisdiction, and accordingly should remand this case back to state court. For reasons articulated herein, the Court agrees.

**A. Whether Removal Based on Federal Question Jurisdiction Is Proper**

Plaintiff contends that Defendants have not shown that this Court has federal question jurisdiction. ECF No. 3 at 3. Rather, it argues, the unlawful detainer action is based solely on state law, and is limited to possession of the property; as such, no federal laws apply to the present action. *Id*. Plaintiff also argues that invocation of federal laws in Defendants' answer or notice of removal fails to confer subject matter jurisdiction because the federal question must be presented on the face of the well-pleaded complaint. Defendants argue in their notice of removal that Plaintiff's complaint "intentionally fails to allege compliance with the Civil Rights Act of 1968," that "Defendants['] property is farmland with a federal loan," and that the value of the property was set by a government agency (Farm Service Agency)." ECF No. 6 at 3. Defendants maintain that "even where the cause of action is based on state law, the District Court has subject matter jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a substantial federal issues [sic] in resolving such issues, and (3) a Federal forum may entertain the State Law claims without disturbing the balance of Federal and State judicial responsibilities," citing *Grable & Sons Metal Prods. v. Darue Egnr. & Mfg.*, 545 U.S. 308 (2005). ECF No. 6 at 3.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Federal question jurisdiction generally exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002).

Here, Plaintiff's complaint for forcible or unlawful detainer is, on its face, based on various state laws pertaining to the lawful transfer of the property to Plaintiff and its subsequent right to possession of the property. *See* RCW 61.24.010, *et seq.*; RCW 61.34.020; RCW 61.24.060; RCW 59.12. Nowhere does the complaint cite federal law or recite facts obviously giving rise to a cause of action under federal law. Thus, Plaintiff's properly pleaded complaint, on its face, does not present a federal question giving rise to subject matter jurisdiction. Defendants' federal law arguments, cited in their removal notice, are essentially defenses to the detainer action, and as such are not pleaded in the complaint.

Defendants are correct in noting that the Supreme Court has held that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons*, 545 U.S. 308, 312 (2005). However, this doctrine is limited in scope, requiring "not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in the federal forum." *Id*. at 313. "Because arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, the

presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction." *Id*. at 314 (finding that the case warranted federal jurisdiction where Plaintiff's state law quiet title claim was premised on IRS's failure to give notice as defined by federal law).

Without reaching the merits of Defendant's claims, the Court notes that Defendants have not explained how the invocation of federal law or federally related questions are "substantial" and implicate "a serious federal interest in claiming the advantages thought to be inherent in the federal forum." Rather, Defendants state (1) that Plaintiff fails to allege compliance with the Civil Rights Act, without explaining what relevance the Act has to an unlawful detainer act; (2) that Defendants' farmland is "with a federal loan," again without stating the relationship to the present action and how that implicates a federal question; and (3) that the value of the property was set by a governmental agency at a lower price than normal, again without explaining the relevance to Plaintiff's action against Defendants or how it implicates a substantial question of federal law warranting an exception to general federal question analysis. ECF No. 6 at 2-3. Rather, unless a federal law applies, property law is usually a creature of state law. *See, e.g., Barnhill v. Johnson*, 503 U.S. 393, 398 (1992) ("In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law.").

1  Accordingly, the Court declines to apply this exception to the general rule that the

2  federal question must appear on the face of the well-pleaded complaint, and finds

3  that there is no federal question jurisdiction.

4  **B. Whether Removal Based on Diversity Jurisdiction Is Proper**

5  Defendants do not appear to allege diversity jurisdiction. However, Plaintiff

6  argues that even if they were, such jurisdiction does not exist. The Court agrees.

7  "The district courts shall have original jurisdiction of all civil actions where

8  the matter in controversy exceeds the sum or value of $75,000, exclusive of

9  interest and costs, and is between…citizens of different States…" 28 U.S.C. §

10  1332(a). "A civil action otherwise removable solely on the basis of the jurisdiction

11  under section 1332(a) of this title may not be removed if any of the parties in

12  interest properly joined and served as defendants is a citizen of the State in which

13  such action is brought." 28 U.S.C. §1441(b)(2). *See also Lincoln Property Co. v.*

14  *Roche*, 546 U.S. 81, 90 (2005). "This 'forum defendant' rule 'reflects the belief

15  that [federal] diversity jurisdiction is unnecessary because there is less reason to

16  fear state court prejudice against the defendants if one or more of them is from the

17  forum state.'" *Spencer v. U.S. Dist. Court for N. Dist. of Ca.*, 393 F.3d 867, 870

18  (9th Cir. 2004) (quoting Erwin Chemerinsky, *Federal Jurisdiction* § 5.5, at 345

19  (4th ed.2003)). "It is thus clear that the presence of a local defendant at the time

20  removal is sought bars removal." *Id.* at 870 (9th Cir. 2004).

Here, setting aside the amount in controversy, which Defendants have not stated, Defendants fail to meet § 1441(b)'s requirement of non-residence in the state of removal. At the time of removal, Defendants appear to have resided at the property in dispute in Sprague, Washington—in the same state in which the action was brought. Thus, removal on diversity jurisdiction is barred under 28 U.S.C. § 1441(b).

Consequently, Defendants have not established the federal question or diversity jurisdiction. As such the Court must remand this case back to state court.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand is **GRANTED**. The Court hereby **REMANDS** this case to the Lincoln County Superior Court, State of Washington, for all further proceedings.

The District Court Clerk is directed to enter this Order, provide copies to counsel, mail copies to pro se parties, <u>mail a certified copy of this Order</u> to the Clerk of the Lincoln County Superior Court, and **CLOSE** this file.

**DATED** August 15, 2014.



THOMAS O. RICE
United States District Judge

ORDER REMANDING CASE TO STATE COURT ~ 8